IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AARON DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14-CV-1099-WKW |
| | ) | [WO] |
| PATRICK G. PERDUE and | ) | |
| RODERICK B. PERDUE, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On December 11, 2014, the parties filed a Notice of Settlement (Doc. # 11), a Joint Stipulation of Dismissal (Doc. # 12), and a Joint Motion for Entry of a Consent Decree (Doc. # 13). The Joint Stipulation of Dismissal signed by both parties was properly filed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) at 3:11 p.m. Upon its filing, this court no longer retained jurisdiction over the instant action. *See Anago Franchising, Inc. v. Shaz*, *LLC*, 677 F.3d 1272 (11th Cir. 2012) ("We find that the plain language of Rule 41(a)(1)(A)(ii) requires that a stipulation filed pursuant to that subsection is self-executing and dismisses the case upon its becoming effective. The stipulation becomes effective upon filing unless it explicitly conditions its effectiveness on a subsequent occurrence. District courts need not and may not take action after the

stipulation becomes effective because the stipulation dismisses the case and divests the district court of jurisdiction.").

Further, because the Joint Stipulation of Dismissal did not condition its effectiveness upon any subsequent action, the parties' Joint Motion for Entry of a Consent Decree (Doc. # 13) must be denied as it was filed at 3:40 p.m., approximately 29 minutes after the parties effectively dismissed the case. *See id*. at 1280 ("We therefore find that for a district court to retain jurisdiction over a settlement agreement where the parties dismiss the case by filing a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii), either (1) the district court must issue the order retaining jurisdiction under *Kokkonen* prior to the filing of the stipulation, or (2) the parties must condition the effectiveness of the stipulation on the district court's entry of an order retaining jurisdiction.") (addressing the requirements of *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375 (1994)).

Accordingly, the Joint Motion for Entry of a Consent Decree (Doc. # 13) is DENIED for lack of jurisdiction, and the Clerk of Court is DIRECTED to close this case.

DONE this 12th day of January, 2015.

                                                /s/ W. Keith Watkins
                                     CHIEF UNITED STATES DISTRICT JUDGE